**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
ARAYA HENOK,                              )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )   Civil Action No. 12-336 (RWR)
                                          )
CHASE HOME FINANCE, LLC,                  )
<u>et al.</u>,                            )
                                          )
        Defendants.                       )
_____)

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pro se plaintiff Araya Henok brings this action against

Chase Home Finance, LLC ("Chase"), Shapiro & Burson, LLP

("Shapiro"), and Fannie Mae[1], challenging the legality of the

foreclosure on a property he owned on 16th Street N.E. in

Washington, D.C. ("the property").  After the defendants moved

for judgment on the pleadings arguing that Henok's complaint

failed to satisfy the pleading requirements under Federal Rule of

Civil Procedure 8 and failed to state a claim for relief under

Rule 12, Henok moved for leave to amend the complaint.  Because

the claims against Chase of breach of contract and violation of

the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

§ 2605(e), in the amended complaint are adequately pled, the

motion for leave to amend the complaint will be granted as to

_____

[1] Marco Acevedo has also been listed as a defendant in this
case, however Henok does not seek judgment against Marco Acevedo.
<u>See</u> Am. Compl. at 19.

-2-

those claims, but denied for futility as to the remaining claims. Because Henok's motion for leave to amend will be granted in part and denied in part, the defendants' motions for judgment on the pleadings will be denied as moot.

BACKGROUND

Henok purchased the property in 2006 with financing from Chase. Pl.'s Mot. for Leave to Amend, Attachment ("Am. Compl.") ¶ 6, Ex. 7. In August of 2009, Chase returned his monthly payment and "stated that [his] property [was] going into foreclosure." Id. ¶ 8. That month, Henok asked Chase by phone and in writing how much to pay to bring his account current, and notified Chase in writing of his new mailing address. Id. ¶¶ 9-10, Ex. 1. Chase referred Henok to Shapiro for the cure figures, and Henok mailed Chase and Shapiro several more requests with each noting his current mailing address. Id. ¶¶ 11-14, Exs. 2-4. Henok received no replies to his letters. Id. ¶¶ 10-14.

Chase appointed John Burson and Gregory Britto as substitute foreclosure trustees under the deed of trust that secured Henok's mortgage. Id., Ex. 6. Shapiro filed with the Recorder of Deeds an October 15, 2009 notice of foreclosure sale, but did not send Henok's copy to the address Henok provided. Id., Counts 1, 15, 19, Ex. 5.[2] Fannie Mae bought the property in a foreclosure sale

---

[2] The foreclosure notice was not addressed to Henok at the 908 New Hampshire Avenue, N.W. address Henok had provided to Chase and Shapiro.

-3-

on November 18, 2009.  Id. ¶ 15, Exs. 5-6.  Britto filed with the

Recorder of Deeds the trustees' deed of sale in March 2010.  It

represented that the notice of foreclosure sale had been mailed

to Henok at his current address.  Id., Ex. 6.

Henok filed a complaint in D.C. Superior Court challenging

the foreclosure in February 2012.  Henok's complaint asserts

against Chase and Shapiro claims of breach of contract, breach of

fiduciary duty, fraud, negligence, negligent misrepresentation,

and a constitutional violation of the Fifth Amendment's takings

clause.  Compl., Counts 1-5, 7-10, 12-14.  Henok's complaint also

asserts that the trustees' deed was issued late and failed to

satisfy the formal requisites of an instrument, and that the

notice of foreclosure had expired at the time of the foreclosure.

Id., Counts 6, 11, 15.

The defendants removed the case to federal court and

answered the complaint.  Chase and Fannie Mae moved for judgment

on the pleadings arguing that Henok's complaint does not satisfy

the pleading requirements of Rule 8 and that Henok's breach of

contract, breach of fiduciary duty, fraud, negligent

misrepresentation, and Fifth Amendment claims do not state a

claim for relief under Rule 12.[3]  Mem. in Supp. of Mot. for J. on

the Pleadings by Chase and Fannie Mae at 5-13.  Additionally, the

---

[3] The defendants' motion does not discuss Henok's negligence
claim.

-4-

motion argued that Henok's other claims concerning the trustees' deed and the expiration of the notice of foreclosure were without merit.  Id. at 13-14.  Shapiro also moved for judgment on the pleadings adopting and incorporating the memorandum of law from Chase and Fannie Mae's motion.  Shapiro's Mot. for J. on the Pleadings at 1.

Henok then moved for leave to amend his complaint.  Read broadly, Henok's amended complaint adds common law claims of negligence and negligent misrepresentation, Am. Compl. at 19, Counts 2, 14, 19, and adds statutory claims of wrongful foreclosure under D.C. Code § 42.815.01 and failure to respond under 12 U.S.C. § 2605, id., Counts 1, 3, 9, 25.  In addition, the amended complaint eliminates the Fifth Amendment claim. Shapiro opposes Henok's motion, arguing in part that allowing Henok's amended complaint would be futile because it does not state a claim for relief on any ground.  Opp'n to Mot. for Leave to Amend Compl. ¶ 3.

## DISCUSSION

A plaintiff may amend his complaint at this stage "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A court should determine the propriety of amendment on a case by case basis, using a generous standard, and pro se complaints are construed with special liberality[.]"

Commodore-Mensah v. Delta Air Lines, Inc., 842 F. Supp. 2d 50, 52
(D.D.C. 2012) (citations and internal quotation marks omitted).
The burden is on the defendant to show that leave to file an
amended complaint should be denied.  Smith v. Café Asia, 598 F.
Supp. 2d 45, 48 (D.D.C. 2009) (citing LaPrade v. Abramson, Civil
Action No. 97-10 (RWR), 2006 WL 3469532, at *3 (D.D.C. Nov. 29,
2006)).  A district court should grant leave to amend a complaint
"in the absence of undue delay, bad faith, undue prejudice to the
opposing party, repeated failure to cure deficiencies, or
futility." Richardson v. United States, 193 F.3d 545, 548-49
(D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182
(1962)).  Allowing an amended complaint would be futile if the
amended complaint would not survive a motion to dismiss.  In re
Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 215 (D.C. Cir.
2010) (citing Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.,
366 F.3d 930, 945 (D.C. Cir. 2004)).  When certain claims in the
amended complaint are futile but other claims survive, courts
have denied leave to amend in part with respect to the futile
claims while allowing leave to amend in part with respect to the
surviving claims.  See Council on American-Islamic Relations
Action Network, Inc. v. Gaubatz, Civil Action No. 09-2030 (CKK),
2012 WL 4054141, at *18-19 (D.D.C. Sept. 17, 2012); Driscoll v.
George Washington Univ., Civil Action No. 12-690 (ESH), 2012 WL
3900716 at *9 (D.D.C. Sept. 10, 2012).

-6-

In considering a motion to dismiss, a court accepts well-pleaded factual allegations in the complaint as true and interprets them in the light most favorable to the plaintiff. NB ex rel. Peacock v. District of Columbia, 682 F.3d 77, 82 (D.C. Cir. 2012) (citing In re Interbank Funding Corp. Sec. Litig., 629 F.3d at 216). In addition, "the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable." Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, unsupported inferences and "legal conclusions cast in the form of factual allegations" are insufficient to survive a motion to dismiss. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The motion to dismiss may be granted if the facts alleged in the complaint "do not 'raise a right to relief above the speculative level,' or fail to 'state a claim to relief that is plausible on its face.'" United States v. All Assets Held at Bank Julius Baer Co., Ltd., 772 F. Supp. 2d 191, 197 (D.D.C. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570).

I.   BREACH OF CONTRACT

The gravamen of Henok's breach of contract claims is that Chase breached the terms of the mortgage note and the deed of

-7-

trust by failing to provide to him at his current address the written notice of default and notice of foreclosure that Chase was required to provide. Am. Compl. ¶¶ 30-36, Counts 1, 4-9, 12.[4] Under D.C. law, a claim of breach of contract includes four elements: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." <u>Tsintolas Realty Co. v. Mendez</u>, 984 A.2d 181, 187 (D.C. 2009).

Here, the amended complaint amply pleads each element. Read liberally, it identifies the mortgage note and deed of trust as the contract breached. Am. Compl. ¶¶ 30-36. The D.C. Court of Appeals has recognized that "'the note and the trust deed can be considered merely different parts of a single contract.'" <u>Osbourne v. Capital City Mortg. Corp.</u>, 667 A.2d 1321, 1326 (D.C. 1995) (quoting <u>Yasuna v. Miller</u>, 399 A.2d 68, 72 (D.C. 1979)).[5] In addition, citing the note and deed of trust, Henok alleges that Chase had a duty to send to him at his current address written notice of his loan default, of how to cure the default,

_____

[4] Henok also alleges that the notice of foreclosure did not include the precise amount to cure the default. Am. Compl., Count 13.

[5] "The relationship between a debtor and a creditor is ordinarily a contractual relationship and not a fiduciary relationship[.]" <u>Ponder v. Chase Home Fin., LLC</u>, 666 F. Supp. 2d 45, 49 (D.D.C. 2009) (citing <u>Overseas Private Inv. Corp. v. Industria de Pesca, N.A., Inc.</u>, 920 F. Supp. 207, 210 (D.D.C. 1996)).

-8-

and of the foreclosure sale that would follow any failure to cure
the default.  He asserts that Chase and its foreclosing agent
Shapiro never provided him with the required written notice
despite his requests to Chase and Shapiro for information about
curing his default.  See id., Exs. 1-4.  Finally, Henok alleges
damages arising from the foreclosure including the loss of his
property, money, credit rating, surety bond, real estate
business, and revenue.  Id. at 19-20.  While the parties may
disagree as to whether the defendants sent proper notice of
foreclosure, Henok's factual allegations in the amended complaint
are sufficient to state claims for breach of contract against
Chase.

II.  BREACH OF FIDUCIARY DUTY

To state a claim for breach of fiduciary duty under D.C.
law, a plaintiff must allege that "'(1) defendant owed plaintiff
a fiduciary duty; (2) defendant breached that duty; and (3) to
the extent plaintiff seeks compensatory damages -- the breach
proximately caused an injury.'"  Bode & Grenier, LLP v. Knight,
821 F. Supp. 2d 57, 64 (D.D.C. 2011) (quoting Paul v. Judicial
Watch, Inc., 543 F. Supp. 2d 1, 5-6 (D.D.C. 2008)).  "As a
general rule, the mere existence of a contract does not create a
fiduciary duty."  Paul, 543 F. Supp. 2d at 6 (citing Steele v.
Isikoff, 130 F. Supp. 2d 23, 36 (D.D.C. 2000)).  Nor is a debtor-
creditor relationship ordinarily a fiduciary relationship.

Ponder v. Chase Home Fin., LLC, 666 F. Supp. 2d 45, 49 (D.D.C. 2009).  "However, if a special relationship of trust or confidence exists in a particular case, a fiduciary relationship may arise in the lender-borrower context." Ellipso, Inc. v. Mann, 541 F. Supp. 2d 365, 373 (D.D.C. 2008) (internal quotation marks and citation omitted) (finding no fiduciary relationship from facts pled); see also Overseas Private Invmt. Corp. v. Industria de Pesca, N.A., Inc., 920 F. Supp. 207, 210 (D.D.C. 1996) (same).

Henok's single reference in the amended complaint to a breach of fiduciary duty is the allegation that Chase and Shapiro "had the fiduciary duty to respond to all [his] certified mails and constant attempts to cure [his] default" and "allow [Henok] to re-instate [his] loan[.]" Am. Compl., Count 11.  As an initial matter, Henok does not plead any facts which show the existence of a special relationship of trust or confidence with Chase extending beyond his standard debtor-creditor relationship. Thus, Henok fails to state a claim for breach of a fiduciary duty against Chase.

Trustees and substitute trustees of deeds owe fiduciary duties both to the noteholder and the borrower. Murray v. Wells Fargo Home Mortg., 953 A.2d 308, 324-25 (D.C. 2008) (internal citations omitted).  Generally, "trustees of deeds have only those powers and duties imposed by the trust instrument itself,

-10-

coupled with the applicable statute governing foreclosure sales in the District of Columbia." Id. (quoting Perry v. Va. Mortg. and Invmt. Co., Inc., 412 A.2d 1194, 1197 (D.C. 1980)) (internal quotation marks omitted).  "[T]o state a claim against a trustee for breach of fiduciary duty, a plaintiff must allege facts that would constitute a breach of a duty under the trust instrument or District of Columbia law, or allege fraud, misrepresentation, self-dealing or overreaching." Evans v. First Mount Vernon, ILA, 786 F. Supp. 2d 347, 356 (D.D.C. 2011) (citing Murray, 953 A.2d at 325).

Henok's allegation that Shapiro had fiduciary duties that it breached by failing to respond to his letters and not allowing him to reinstate his loan is factually unsupported.  Henok cites no provision in the deed of trust or District of Columbia law to support the existence of the trustee's fiduciary duty to respond to the borrower's correspondence or to allow the borrower to reinstate his loan.  The deed of trust requires the lender, not the trustee, to send written notice of foreclosure to the borrower.  See Am. Compl., Ex. 8, ¶ 22; see also Evans v. Chase Manhattan Mortg. Corp., Civil Action No. 04-2185 (RMC), 2007 WL 902306, at *6 (D.D.C. Mar. 3, 2007) (finding that a similar deed of trust required the lender, not the trustee, to notify the borrower of default and that this arrangement was consistent with D.C. Code § 42-815(b) which required notice from the noteholder);

-11-

<u>Koker v. Aurora Loan Servicing, LLC</u>, Civil Action No. 12-1069 (RBW), 2013 WL 40320, at *11 (D.D.C. Jan. 3, 2013) (same). The deed of trust identifies the trustee's duties as 1) giving notice of sale by public advertisement,[6] 2) selling the property at public auction, and 3) delivering an appropriate deed to the buyer. <u>See</u> Am. Compl., Ex. 8, ¶ 22; <u>see also</u> <u>Chase Manhattan Mortg. Corp.</u>, 2007 WL 902306, at *6 (specifying these "mandatory duties" under a similar deed of trust).

Moreover, the trustees' deed reflects that Chase appointed as substitute trustees Burson and Britto, not Shapiro. <u>See</u> <u>id.</u>, Ex. 6. Henok names Shapiro as the defendant in this matter rather than Burson and Britto. Henok does not plead in the amended complaint any agency theory upon which to hold Shapiro liable for the actions of Burson and Britto. <u>Koker</u>, 2013 WL 40320, at *11, held that where the plaintiff asserted a breach of fiduciary duty claim and the substitute trustee was a member of the defendant law firm, but the plaintiff made no specific allegations regarding the law firm's conduct, solely identifying the lawyer as a member of the law firm was insufficient to state

---

[6] When read liberally, the amended complaint may allege a breach of the trustee's duty to give notice of the sale by public advertisement. Am. Compl., Count 18 ("There is no record that such advertising occurred.") However, as is explained below, Henok does not name as defendants the trustees who bore that duty here.

-12-

a claim against the law firm.  See id. at *11.[7]  Here, the

amended complaint does not sufficiently plead a claim of breach

of fiduciary duty by naming Shapiro as a defendant, and allowing

this amendment would be futile.

III. NEGLIGENCE; NEGLIGENT MISREPRESENTATION

A claim of negligence under D.C. law consists of four

elements: "(1) the defendant owed a duty [of care] to the

plaintiff, (2) the defendant breached its duty, (3) and that

breach was the proximate cause of (4) damages sustained by the

plaintiff."  Busby v. Capital One, N.A., 772 F. Supp. 2d 268, 283

(D.D.C. 2011) (citing Powell v. District of Columbia, 634 A.2d

403, 406 (D.C. 1993)).  "However, 'the tort must exist in its own

right independent of the contract, and any duty upon which the

tort is based must flow from considerations other than the

contractual relationship.  The tort must stand as a tort even if

the contractual relationship did not exist.'"  Carter v. Bank of

America, N.A., Civil Action No. 11-1584 (BAH), 2012 WL 3198354,

at *8 (D.D.C. Aug. 8, 2012) (quoting Nugent v. Unum Life Ins. Co.

of Am., 752 F. Supp. 2d 46, 53-54 (D.D.C. 2010)).

---

[7] But see Evans, 786 F. Supp. 2d at 357-58, where a law
firm's five attorneys were trustees but the complaint named
instead the law firm as a defendant.  The court found the breach
of fiduciary duty claim sufficiently pled under the circumstances
where, unlike here, the complaint pled facts evidencing bad faith
and self-dealing by the firm.

-13-

The elements of negligent misrepresentation under D.C. law are "(1) the defendant negligently communicated false information, (2) the defendant intended or should have recognized that the plaintiff would likely be imperiled by action taken in reliance upon his misrepresentation, and that (3) the plaintiff reasonably relied upon the false information to his detriment." Ponder v. Chase Home Fin., LLC, 865 F. Supp. 2d 13, 20 (D.D.C. 2012) (citing Hall v. Ford Enterprises, Ltd., 445 A.2d 610, 612 (D.C. 1982)).[8] Likewise, though, a negligent misrepresentation claim may lie in a contract dispute only "when there are facts separable from the terms of the contract upon which the tort may independently rest and when there is a duty independent of that arising out of the contract itself, so that an action for breach of contract would reach none of the damages suffered by the tort." Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080,

-------------------------

[8] As to Chase and Shapiro's intent, Henok argues only that these defendants made misrepresentations "in order to acquire [his] property." Am. Compl., Count 19. But, Henok never claimed to have received the foreclosure notice or the trustees' deed at all, much less in time to rely upon them, and his complaint does not allege any "actual, individual reliance[.]" See Phelps v. Stomber, Civil Action No. 11-1142 (ABJ), 2012 WL 3276969, at *33 (D.D.C. Aug. 13, 2012) (denying common law fraud and negligent misrepresentation claims where the plaintiffs fail to allege that they actually relied on the defendants' statements); see also Alicke v. MCI Communic'ns Corp., 111 F.3d 909, 912 (D.C. Cir. 1997) (affirming the district court's dismissal of complaint because the plaintiff did not allege that she acted in reliance on the alleged misrepresentation).

-14-

1088-89 (D.C. 2008); see also Plesha v. Ferguson, 725 F. Supp. 2d 106, 112-13 (D.D.C. 2010) (citing Choharis).

In this case, Henok claims that Shapiro and Chase were negligent or made negligent misrepresentations by entering his address incorrectly on the notice of foreclosure sale, failing to state in the notice the specific amount of costs and fees due in addition to the balance owed on the note, and certifying in the trustees' deed after foreclosure that the notice of foreclosure was sent to Henok's last known address.  Am. Compl., Counts 2, 14, 19, 22, 23.  However, Henok does not allege any facts to establish any duty independent of the contractual relationship created by the mortgage documents, or facts separable from the terms of those documents upon which the torts may independently rest.  Therefore, amending the complaint to add the negligence and negligent misrepresentation claims would be futile.

IV.  FRAUD

A plaintiff claiming fraud under D.C. law must prove the existence of "(1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation."  Busby, 772 F. Supp. 2d at 275 (quoting Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1074 n.22 (D.C. 2008)).  "A claim for fraud may be founded on a false representation or a willful omission."

Cordoba Initiative Corp. v. Deak, Civil Action No. 11-1541 (RWR),
2012 WL 5285132, at *2 (D.D.C. Oct. 26, 2012) (citing McWilliams
Ballard, Inc. v. Broadway Mgmt. Co., 636 F. Supp. 2d 1, 5 (D.D.C.
2009)).  Federal Rule of Civil Procedure 9(b) requires the
claimant to "state with particularity the circumstances
constituting fraud[.]"  Fed. R. Civ. P. 9(b).  This rule requires
the claimant to specifically plead "matters such as the time,
place and content of the false [representations], the
misrepresented fact and what the opponent retained or the
claimant lost as a consequence of the alleged fraud."  Busby, 772
F. Supp. 2d at 275-76 (citing United States ex rel. Williams v.
Martin-Baker Aircraft Co., 389 F.3d 1251, 1256 (D.C. Cir. 2004)).
The plaintiff must have suffered "'some injury as a consequence
of his reliance on the misrepresentation.'"  Howard Univ. v.
Watkins, 857 F. Supp. 2d 67, 75 (D.D.C. 2012) (quoting Chedick v.
Nash, 151 F.3d 1077, 1081 (D.C. Cir. 1998)).

Henok's amended complaint states that Chase falsely
represented that it was the note holder at the time of
foreclosure and that the foreclosure was advertised.  Am. Compl.,
Counts 10, 17, 18.  Henok also accuses Chase and Shapiro of
engaging in a scheme to defraud him by falsely stating that they
sent him at his current address a notice of foreclosure,
continuing to foreclose his property, and selling the property
knowing that the sale was void.  Id., Counts 15, 19, 21.

-16-

However, Henok fails to meet the heightened requirements of
Rule 9 by supporting his conclusory allegations with sufficient
facts, and "the Court need not accept inferences drawn by
plaintiff if those inferences are not supported by the facts set
out in the complaint, nor must the court accept legal conclusions
cast as factual allegations." Hettinga v. United States, 677
F.3d 471, 476 (D.C. Cir. 2012) (citing Kowal v. MCI Communic'ns
Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  In particular,
Henok does not provide facts to support the defendants' intent to
deceive or the actions he took in reasonable reliance on the
representations, some of which he does not even claim to have
received.[9]  Because Henok does not plead fraud fully, or with
particularity, amending the complaint to add the fraud claims
would be futile.[10]

V.   WRONGFUL FORECLOSURE UNDER D.C. LAW

     Under D.C. Code § 42-815(b), "a borrower in default is
entitled to advance written notice of a foreclosure sale." Diaby
v. Bierman, 795 F. Supp. 2d 108, 113 (D.D.C. 2011).  This notice
must provide, among other things, the name and address of the

─────────────────

     [9]  See n.8 above.  Nor does Henok provide sufficient facts
to support the falsity of some of the defendants'
representations.

     [10]  Choharis, which included in its reasoning fraudulent
misrepresentation claims in contract disputes, suggests that the
fraud claims here would fail since they rest upon no facts or
duties independent of the contract itself.  961 A.2d at 1088-89.

holder and an accurate amount to cure the default and reinstate
the loan.  Id. at 113-14.  "[F]ailure to provide an accurate cure
amount may give rise to an action for wrongful foreclosure."  Id.
at 114.  Henok alleges that the defendants failed to provide him
a proper notice of foreclosure under this statute which applies
only when at least one of the dwellings covered by the mortgage
is "the principal place of abode of the debtor or his immediate
family."  D.C. Code § 42-815.01(a) (2001).  Although Henok
characterizes the mortgage as a "residential mortgage[,]" Am.
Compl. ¶ 7, Henok does not allege or provide any factual support
to show that the property was his principal place of abode or
that his immediate family lived in the property.  Henok does not
state a claim for relief under this statute.

VI.   FAILURE TO RESPOND UNDER FEDERAL LAW

Henok also alleges that the Chase and Shapiro were required
under RESPA to respond to his written requests for the cure
amount prior to foreclosure.  Am. Compl., Count 25.  RESPA
provides that if the loan servicer receives a "qualified written
request" from the borrower for information about his loan, the
servicer is required to provide "a written response acknowledging
receipt of the correspondence within 20 days[.]"  12 U.S.C.
§ 2605(e)(1)(A).  A "qualified written request" is defined as a
"written correspondence" which includes "the name and account of
the borrower" and "a statement of reasons for the belief of the

borrower . . . that the account is in error or provides

sufficient detail to the servicer regarding other information

sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

In this case, Henok attaches two letters addressed to Chase

and two letters addressed to Shapiro. See Am. Compl., Exs. 1-4.

These letters include the name of the plaintiff and the address

of the property, and directly request specific information,

namely, the amount to cure Henok's default. Id. Henok's factual

allegations supported by the exhibits state a claim against

Chase, the loan servicer, under 12 U.S.C. § 2605(e) for failure

to respond to borrower inquiries. Therefore, leave will be

granted to amend the complaint to add this claim as to Chase.

VII. REMAINING CLAIMS

Henok argues that the trustees' deed which conveyed the

property at the foreclosure sale did not conform to the formal

requisites of an instrument under D.C. Code § 42-404. Am.

Compl., Count 20. Henok does not explain which formal requisite

he believes is lacking. D.C. Code §§ 42-403, 404 (2001). In any

event, a defective instrument is effective unless it is

challenged in court within six months after it is recorded. D.C.

Code § 42-403 (2001) (stating that any instrument "shall be

effective notwithstanding the existence of 1 or more of the

failures in the formal requisites listed in § 42-404, unless the

failure is challenged in a judicial proceeding commenced within 6

months after the instrument is recorded"). Because the deed was recorded in 2010, Henok's challenge over two years later is untimely, and he therefore does not state a claim for relief under this statute.

Henok further claims that the trustees' deed was issued on January 11, 2010, beyond a statutory deadline of 30 days after the foreclosure sale. Am. Compl., Count 16. Henok may be relying on D.C. Code § 47-1431 which provides that

> [w]ithin 30 days after . . . an economic interest in real
> property is transferred, . . . all transferees of, and all
> holders of the security interest in, real property shall
> record a fully acknowledged copy of the deed . . . with the
> Recorder of Deeds of the District of Columbia.

D.C. Code § 47-1431(a) (2001). However, Henok has not carried his burden of showing that there is a private right of action for damages under this statute. See Koker, 2013 WL 40320, at *7 (granting the defendants' motion to dismiss the claim under § 47-1431 because the statute does not expressly confer a private right of action and the plaintiff provided "no analysis on the point and simply assume[d] that she may sue for a violation of the statute"). Therefore, this claim would not survive a motion to dismiss.

Finally, Henok alleges, with no supporting authority, that the foreclosure sale is void because the October 15, 2009 notice of foreclosure expired 30 days later, before the November 18, 2009 foreclosure sale occurred. Am. Compl., Count 24. However,

-20-

Henok misreads the notice of foreclosure.  Whatever its legal significance, the notice dates its expiration from the foreclosure sale date, and not from the date of the notice of foreclosure, and it did not expire before the sale.  In sum, none of Henok's remaining claims provides grounds for relief.

<u>CONCLUSION AND ORDER</u>

Because the proposed amended complaint pleads sufficient facts alleging that written notice was not provided as required by the mortgage instruments and that Chase failed to respond to Henok's qualified written requests under 12 U.S.C. § 2605(e), the amended complaint states claims for relief against Chase for breach of contract and failure to respond.  However, Henok does not plead facts to state breach of fiduciary duty, negligence, negligent misrepresentation, fraud, and wrongful foreclosure claims.  Accordingly, it is hereby

ORDERED that plaintiff's motion [22] for leave to amend the complaint be, and hereby is, GRANTED IN PART and DENIED IN PART. The Clerk is directed to file as the amended complaint the attachment to the plaintiff's motion for leave to amend the complaint.  However, the motion to amend is granted as to the breach of contract claims in Counts 1, 4 through 9, 12 and 13, and the RESPA statutory claim against Chase in Count 25, but is denied as to Henok's claims of breach of fiduciary duty, negligence, negligent misrepresentation, fraud, wrongful

-21-

foreclosure, RESPA violations by Shapiro, improprieties regarding the trustees' deed and notice of foreclosure, and Shapiro's failure to respond in Counts 1 through 3, 9 through 11, and 14 through 25.  It is further

ORDERED that defendants' motions [12, 15] for judgment on the pleadings be, and hereby are, DENIED AS MOOT.

SIGNED this 16th day of January, 2013.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge