```
                       UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
_____
                               )
ARAYA HENOK,                   )
                               )
     Plaintiff,                )
                               )
     v.                        )   Civil Action No. 12-336 (RWR)
                               )
CHASE HOME FINANCE, LLC,       )
et al.,                        )
                               )
     Defendants.               )
_____)
```

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Araya Henok brings this action against Chase Home Finance, LLC ("Chase"), Shapiro & Burson, LLP ("Shapiro"), and Fannie Mae, challenging the legality of the foreclosure on a property he owned on 16th Street N.E. in Washington, D.C. ("the property").  Henok moves for partial summary judgment against Chase arguing that Chase and Shapiro failed to send to Henok valid notice of default and notice of foreclosure.  Henok also moves for sanctions against Chase and Shapiro and their counsel.  Because Henok has failed to show that he is entitled to judgment as a matter of law, his motion for partial summary judgment will be denied and judgment as to the notice of default will be entered for Chase since the undisputed material facts entitle it to such a judgment as a matter of law.  Because Henok has not met the requirements of Rule 11 or shown that the defendants committed sanctionable conduct, Henok's motions for sanctions will be denied.

## BACKGROUND

Henok purchased the property in 2006 with financing from JP Morgan Chase Bank. Pl.'s Mot. for Partial Summ. J. ("Pl.'s Summ. J. Mot."), Exs. 2-3; Defs. Chase & FNMA's Mem. of Law in Opp'n to Pl.'s Second Mot. for Partial Summ. J. ("Chase's Opp'n to Pl.'s Summ. J. Mot.") ¶ 2. In August of 2009, Chase returned his monthly payment and "stated that [his] property [was] going into foreclosure." Am. Compl. ¶ 8; Chase's Opp'n to Pl.'s Summ. J. Mot. ¶ 8. Fannie Mae bought the property in a foreclosure sale on November 18, 2009. Pl.'s Summ. J. Mot. ¶ 16, Ex. 1; Chase's Opp'n to Pl.'s Summ. J. Mot. ¶ 16, Ex. 2.

Henok filed a complaint in D.C. Superior Court challenging the foreclosure in February 2012 and the defendants removed the case to federal court and answered the complaint. <u>Henok v. Chase Home Finance, LLC</u>, Civil Action No. 12-336 (RWR), 2013 WL 167941, at *1 (D.D.C. Jan. 16, 2013). Henok moved for partial summary judgment arguing that Chase and Shapiro breached the contract by failing to provide notice of default and failing to mail to the correct address the notice of foreclosure. Pl.'s Summ. J. Mot. at 6-9. Further, Henok moved for sanctions against Chase's attorneys, Shapiro's attorneys, Chase employee Kevin Johnson and Shapiro employee Brett Callahan claiming that Chase and Shapiro intentionally made false representations that they did not receive letters Henok had sent them by certified mail. Mot. for

Sanctions Against Shapiro at 1; Mot. for Sanctions Against Chase at 1.

## DISCUSSION

I.   PARTIAL SUMMARY JUDGMENT

Summary judgment is warranted on an individual claim or part of a claim if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . documents, . . . declarations, . . . or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). A party may not rely merely upon denials in pleadings to show a genuine dispute, but must come forward with specific evidence that reveals a genuine factual dispute. Rogers v. District of Columbia, 880 F. Supp. 2d 163, 165-66 (D.D.C. 2012); Ali v. District of Columbia Gov't, 810 F. Supp. 2d 78, 82-83 (D.D.C. 2011). At the summary judgment stage, "'[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Feirson v. District of Columbia, 506 F.3d 1063, 1066 (D.C. Cir. 2007) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Where there are no disputed facts to resolve regarding a claim,

-4-

and it is the non-movant who is entitled to judgment as a matter of law, judgment may be entered for the non-movant on that cause of action. <u>Henok v. Chase Home Finance, LLC</u>, Civil Action No. 12-335 (RWR), 2013 WL 525696, at *4 (D.D.C. Feb. 13, 2013).

  Henok's motion for partial summary judgment argues in part that Chase never gave him the required advance notice of default, Pl.'s Summ. J. Mot. at 6-7, and that he never received such a notice, <u>id.</u> at 7-9.  The deed of trust securing Henok's mortgage required Chase before foreclosing to "give notice to Borrower . . . [that] shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property." <u>Id.</u>, Ex. 3 ¶ 22.  The deed also provided that "[a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." <u>Id.</u>, Ex. 3 ¶ 15.

  These provisions impose a duty upon Chase to "give notice" of default to Henok.  Here, Chase supplied with its opposition to Henok's motion a declaration under the penalty of perjury from

its Assistant Secretary and Operations Unit Manager that Chase indeed gave Henok advance notice of default that fully complied with the requirements of the deed of trust.  The declaration attaches a copy of a letter Chase sent Henok on April 4, 2009 to his address at 1800 New Jersey Avenue, N.W., Washington, D.C., 20001, advising Henok "[y]ou are in default because you have failed to pay the required monthly installments [as of April 4, 2009]"; "[y]ou must pay [$4,167.00] within thirty-two days . . . in order to cure this default"; and "[i]f you fail to cure the default . . ., Chase Home Finance LLC will accelerate the maturity of the Loan, . . . and commence foreclosure proceedings[.]"  Chase's Opp'n to Pl.'s Summ. J. Mot., Ex. 1 ¶ 3, Ex. B.  This notice of default was sent to Henok after Henok informed Chase in a 2008 letter that his address was 1800 New Jersey Avenue, N.W., Washington, D.C., 20001, id., Ex. 1 ¶ 2, Ex. A, and Henok confirmed that the 1800 New Jersey Avenue, N.W., Washington D.C., 20001 address was accurate in a May 21, 2009 letter, id. ¶ 4, Ex. C.  These letters were sent before Henok first allegedly informed Chase in an August 13, 2009 letter of his new address on New Hampshire Avenue, N.W.  Pl.'s Summ. J. Mot. ¶ 12, Ex. 4.  Therefore, the April 4, 2009 notice of default was addressed to Henok's "last known address" before Henok allegedly sent Chase a notice changing his address to the New Hampshire Avenue address.

-6-

Henok has not rebutted this evidence that Chase gave the notice of default required by the deed in the way the deed allowed it to be given.  Henok may not simply rely upon denials to raise a genuine dispute of fact about whether Chase complied with its duty to provide notice of default.  Because there are no disputed facts to resolve regarding that duty, and it is Chase that is entitled to judgment as a matter of law, judgment will be entered for Chase on that cause of action.  See Henok, 2013 WL 525696, at *4.

Henok's motion for partial summary judgment further argues that neither Chase nor Shapiro ever sent the required advance notice of foreclosure to him at his correct address, Pl.'s Summ. J. Mot. at 6-7, 9; Ex. 1, and that he never received a copy of the notice of foreclosure recorded on October 15, 2009, id. at 7-9.  The deed of trust securing Henok's mortgage states that if Chase sought to conduct a foreclosure sale, Chase was required to "send written notice as prescribed by Applicable Law to Borrower[.]"  Id., Ex. 3 ¶ 22.  Under D.C. law in effect at the time of the foreclosure, the holder of a note had to give written notice to the owner of the property at least 30 days in advance of any foreclosure sale at the borrower's "last known address[.]" D.C. Code § 42-815(b) (2001).  Further, the deed provides that when the lender sends a notice to the borrower, "[t]he notice address shall be the Property Address unless Borrower has

-7-

designated a substitute notice address by notice to Lender." Pl.'s Summ. J. Mot., Ex. 3 ¶ 15.

The dispute centers on whether Chase sent Henok the notice of foreclosure at his last known address. Henok provides a copy of a letter that he says he sent to Chase by certified mail on August 13, 2009 notifying Chase that his new mailing address was "908 New Hampshire Ave, NW #400, Washington D.C. 20037." Pl.'s Summ. J. Mot. ¶ 12, Ex. 4. He provides with it copies of the accompanying certified mail receipt and the signed return receipt acknowledging delivery on August 17, 2009. Chase responds that Henok's 2008 letter and May 21, 2009 letter informing Chase that his address was the one on New Jersey Avenue were the last notices regarding Henok's address received by Chase from the plaintiff. Chase's Opp'n to Pl.'s Summ. J. Mot. ¶¶ 3-5; Ex. 1 ¶¶ 2, 4, 7, Exs. A, C. Shapiro also argues that the notice of foreclosure was proper claiming that it was sent to Henok at his last known address. Shapiro Opp'n to Pl.'s Summ. J. Mot. at 5-6. Chase and Shapiro have submitted declarations under penalty of perjury which state that the business records of each party reflect that those parties did not receive Henok's August 13, 2009 notice that his address had changed to 908 New Hampshire Ave., N.W. Chase's Opp'n to Pl.'s Summ. J. Mot., Ex. 1, ¶ 7; Shapiro's Opp'n to Pl.'s Summ. J. Mot., Ex. A, ¶ 4(g), (j). Therefore, Chase and Shapiro argue that they sent proper notice to Henok's last known address by sending it to the New Jersey

-8-

Avenue address.  Chase's Opp'n to Pl.'s Summ. J. Mot. at 7-9; Shapiro's Opp'n to Pl.'s Summ. J. Mot. at 5-7.[1]

Henok has not shown that summary judgment is appropriate because there is a genuine issue of material fact: whether Chase received the change of address notice which would have required Chase to send the notice of foreclosure to the 908 New Hampshire Avenue address.  Because the evidence of the defendants is to be believed at this stage, and all justifiable inferences are to be drawn in their favor, summary judgment on this issue is not appropriate.  Therefore, Henok's motion for partial summary judgment will be denied as to this claim.

II.  SANCTIONS

Henok moves under Rule 11(b) for sanctions against Chase's attorneys, Shapiro's attorneys, Chase employee Kevin Johnson and Shapiro employee Brett Callahan claiming that Chase and Shapiro made intentionally false representations to the court.  Rule 11 sanctions may be imposed where a party files a pleading, motion or other paper with the court for an improper purpose, that is unwarranted by existing law, or that is lacking in evidentiary support.  Fed. R. Civ. P. 11(b)(1)-(3).  "'[T]he district court

---

[1] Curiously, the defendants have made no effort here to rebut the evidence Henok produced that suggested the defendants did know of his later change of address to New Hampshire Avenue. Henok's motion attaches a copy of a notice of foreclosure on a Chase note for a different property sent from Shapiro that was addressed to Henok on New Hampshire Avenue bearing the same date and signatures of the same noteholder's agent and notary as appear on the foreclosure notice for the property in this case. Pl.'s Summ. J. Mot., Ex. 1A.

-9-

is accorded wide discretion' in determining whether sanctions are appropriate." Gomez v. Aragon, 705 F. Supp. 2d 21, 23 n.2 (D.D.C. 2010) (quoting Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C. Cir. 1985)).  "'Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings.'" Brown v. FBI, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quoting Wasserman v. Rodacker, Civil Action No. 06-1005 (RWR), 2007 WL 2071649, at *7 (D.D.C. July 18, 2007)).  "'The test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim.'" Sharp v. Rosa Mexicano, D.C., LLC, 496 F. Supp. 2d 93, 100 (D.D.C. 2007) (quoting Reynolds v. U.S. Capitol Police Bd., 357 F. Supp. 2d 19, 23 (D.D.C. 2004)).  Further, Rule 11 includes a "safe harbor provision" which requires that the motion must be first served on the non-movant to allow an opportunity to withdraw the challenged assertion.  Fed. R. Civ. P. 11(c)(2).  "This procedural rule must be satisfied before the Court considers the substantive aspects of plaintiff's motion." Brown, 873 F. Supp. 2d at 408.

  The essence of Henok's argument is that Chase and Shapiro falsely represented that they never received Henok's letters[2] regarding the property, that these defendants' attorneys "failed

---

[2] Henok specifies that he is referring to correspondence to Chase from August 2009 to December 2009 and correspondence to Shapiro from August 2009 to May 2010.  Mot. for Sanctions Against Chase at 1; Mot. for Sanctions Against Shapiro at 1.

to do any reasonable inquiry" as to whether Henok's letters were delivered, Mot. for Sanctions Against Chase at 1-2; Mot. for Sanctions Against Shapiro at 1-2, and that Chase and Shapiro falsely represented that Henok received notices, Mot. for Sanctions Against Chase at 3; Mot. for Sanctions Against Shapiro at 3.[3]

Henok has not complied with the safe harbor provision of Rule 11.  Henok's motions include a certificate of service which states that the motions were served by first class mail on August 2, 2012, which was the same day that the motions were filed on the public docket.

Even if Henok had complied with the procedural rule, sanctions are not appropriate in this case.  With regard to both defendants, Henok seems to be referring to his letters requesting cure amounts attached to Henok's partial summary judgment motion.  <u>See</u> Pl.'s Summ. J. Mot., Exs. 4-7.  In particular, Henok alleges that Chase and Shapiro stated in filings that they did not receive Henok's letters.  Mot. for Sanctions Against Chase at 3; Mot. for Sanctions Against Shapiro at 3.  As to Chase, Johnson signed a declaration that states that his review of Chase's records revealed a December 1, 2008 change of address notification from Henok, but "no record in its file for this Loan

---

[3] Henok also alleges that Chase and Shapiro provided two notes and falsely stated that the notes were true and correct copies.  No sanctions can be imposed where Henok neither identifies the subject notes nor provides any factual support for the allegation of falsity.

-11-

of receiving a letter from Plaintiff dated August 13, 2009" and "Chase did not receive any cure payments from Plaintiff at any time between August 13, 2009 and November 18, 2009, or at any time thereafter."  Chase's Opp'n to Pl.'s Summ. J. Mot., Ex. 1 ¶¶ 2, 5, 7.  Similarly, for Shapiro, Callahan signed a declaration that states that his review of Shapiro's business records revealed that Shapiro received a November 4, 2009 phone message requesting a return call and that Shapiro "did not receive a change of address from the borrower in connection with the Property" and that "no other communications, such as requests for loan payoffs or reinstatement figures, were received by [Shapiro] from [Henok] in connection with the Property prior to the Sale."  Shapiro's Opp'n to Pl.'s Summ. J. Mot., Ex. A ¶ 4(c), (g), (j).  Henok's certified mail receipts for his letters reflect that the first letter was signed for on August 17, 2009[4], and the third and fourth letters were signed for on November 6, 2009 and December 28, 2009.  See Pl.'s Summ. J. Mot., Exs. 4, 6, 7.  However, Henok has not alleged or shown that Johnson's and Callahan's declarations falsely state the contents of Chase's and Shapiro's business records and what letters from Henok were contained in them.  Further, "[t]he Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on

---

[4] The second letter was not sent by certified mail and the receipt does not reflect any signature.  See Pl.'s Summ. J. Mot., Ex. 5.

-12-

judicial proceedings." Sharp, 496 F. Supp. 2d at 100 (internal quotation marks omitted).  The discrepancy between Chase and Shapiro's business records and Henok's certified mail receipts do not justify the "harsh punishment" of Rule 11 sanctions.

## CONCLUSION AND ORDER

A genuine dispute exists about whether Henok was given the notice of foreclosure to which he was contractually entitled, but it is undisputed that Henok was given the required notice of default.  Thus, Henok's motion for partial summary judgment will be denied, but judgment will be entered for Chase on Henok's contract claim regarding the notice of default.  Because Henok has not met the procedural requirements of Rule 11 or shown that the defendants have committed sanctionable conduct, the plaintiff's motions for sanctions will be denied.  Accordingly, it is hereby

ORDERED that plaintiff's motion [18] for partial summary judgment be, and hereby is, DENIED, and that judgment be, and hereby is, ENTERED for Chase concerning the notice of default claim.  It is further

ORDERED that plaintiff's motions [24, 25] for sanctions against Chase and Shapiro and their counsel be, and hereby are, DENIED.

-13-

SIGNED this 26th day of February, 2013.

```
                         _____/s/_____
                         RICHARD W. ROBERTS
                         United States District Judge
```