UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**ARAYA HENOK,**                   )
                                   )
    Plaintiff,                 )
                                   )
    v.                         )     Civil Action No. 12-336 (RWR)
                                   )
**CHASE HOME FINANCE, LLC,**       )
**et al.**,                        )
                                   )
    Defendants.                )
_____)

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Araya Henok brings this action against Chase Home Finance, LLC ("Chase") and Fannie Mae,[1] challenging the legality of the foreclosure on a property he owned on 16th Street N.E. in Washington, D.C. ("the property"). Henok moves for partial summary judgment against Chase on his claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, arguing that Chase failed to respond to Henok's requests for the amount to cure his default. Chase cross-moves for summary judgment arguing that RESPA does not apply to Henok's loan. Because the undisputed facts show that Chase is entitled to judgment as a matter of law, Henok's motion for partial summary judgment will be denied, Chase's cross-motion for partial

---

[1] Marco Acevedo has also been listed as a defendant in this case, but Henok does not seek judgment against Marco Acevedo. See Am. Compl. at 19. In addition, Shapiro and Burson, LLP was terminated as a defendant by order dated April 17, 2013.

-2-

summary judgment will be granted, and judgment on the RESPA claim will be entered for Chase.

## BACKGROUND

Henok purchased the property in 2006 with financing from JP Morgan Chase Bank.  Am. Compl. ¶ 6; Def. Chase Mem. of Law in Opp'n to Pl.'s Second Mot. for Partial Summ. J. and in Supp. of Cross Mot. for Summ. J. ("Chase's Mem.") ¶ 1.  In August 2009, Chase returned Henok's monthly payment and "stated that [his] property [was] going into foreclosure."  Am. Compl. ¶ 8.  Fannie Mae bought the property in a foreclosure sale on November 18, 2009.  Id. ¶ 15, Exs. 5-6; Pl.'s Mot. for Partial Summ. J. Against Chase ("Pl.'s Summ. J. Mot.") ¶ 7; Chase's Mem. ¶ 19.

Henok filed a complaint in February 2012 in D.C. Superior Court challenging the foreclosure.  He alleged, in part, that Chase violated RESPA by failing to respond to his written requests for cure figures.  The defendants removed the case to federal court and answered the complaint.  Henok moves for partial summary judgment on his RESPA claim.  Chase opposes and cross-moves for summary judgment arguing that since RESPA does not govern loans on property used for business purposes and Henok uses the property for rental income, RESPA does not apply to Henok's loan.

-3-

DISCUSSION

Summary judgment is warranted on an individual claim or part of a claim if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  RESPA provides that if the loan servicer receives a "qualified written request" from the borrower for information about his loan, the servicer is required to provide "a written response acknowledging receipt of the correspondence[.]"  12 U.S.C. § 2605(e)(1)(A).  However, RESPA "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes[.]"  12 U.S.C. § 2606(a).  In interpreting this provision, courts have found that RESPA does not apply to loans for non-owner occupied rental properties.  See, e.g., Johnson v. Wells Fargo Home Mortg., Inc., 635 F.3d 401, 417 (9th Cir. 2011); Ford v. Central Loan Admin., No. 11-0017-WS-C, 2011 WL 4702912, at *4 & n.8 (S.D. Ala. Oct. 5, 2011).[2]

---

[2] Johnson reasoned that RESPA's implementing regulation, Regulation X, 24 C.F.R. § 3500.5, refers to Regulation Z, 12 C.F.R. 226.3(a)(1), the implementing regulation for the Truth in Lending Act, to define business purpose loans.  See 24 C.F.R. § 3500.5(b)(2) ("Business purpose loans.  An extension of credit primarily for a business, commercial, or agricultural purpose, as defined by Regulation Z, 12 CFR § 226.3(a)(1).  Persons may rely on Regulation Z in determining whether the exemption applies.").  Although Regulation Z does not explicitly define business purpose loans, the Official Staff Commentary for that regulation provides that:
    Non-owner-occupied rental property.  Credit extended to acquire, improve, or maintain rental property

-4-

Here, Chase argues that RESPA does not apply because the property is a non-owner occupied rental property. Chase's Mem. at 8-9. Henok does not dispute that the property is a non-owner occupied rental property. Indeed, Henok's amended complaint and partial summary judgment motion seek damages based on rental revenue from the property. Am. Compl. at 20; Pl.'s Summ. J. Mot. at 5. Henok attaches a purported "rental history" of the property to support his damages claim. Pl.'s Summ. J. Mot., Ex. 7.

Henok argues, though, that RESPA still applies to his loan because the deed of trust makes RESPA applicable to his loan. Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Summ. J. and Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1-2 (citing Chase's Mem., Ex. 2, Deed of Trust at 2-3, 5). Henok cites the definition section in the deed of trust which provides that:

> As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

Chase's Mem., Ex. 2, Deed of Trust at 2-3. He also cites the "Funds for Escrow Items" covenant of the deed of trust which

---

(regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes. 12 C.F.R. Pt. 226, Supp. I, Cmt. 3(a)(4) (West 2011). Thus, "a loan to acquire, improve, or maintain non-owner occupied rental property" is excluded under 12 U.S.C. § 2606(a) because it is a loan for a business purpose. Johnson, 635 F.3d at 417.

-5-

incorporates some of RESPA's requirements when the borrower and lender use an escrow account.  <u>Id.</u>, Ex. 2, Deed of Trust ¶ 3.

D.C. courts interpret deeds under the "'objective law of contracts.'"  <u>Joyner v. Estate of Johnson</u>, 36 A.3d 851, 855 (D.C. 2012) (quoting <u>Dyer v. Bilaal</u>, 983 A.2d 349, 354 (D.C. 2009)).  Under this principle, the written language in the agreement governs unless the language is unclear or there is fraud, duress or mutual mistake.  "'If a deed is unambiguous, the court's role is limited to applying the meaning of the words[.]'"  <u>Id.</u> (quoting <u>Found. for the Pres. of Historic Georgetown v. Arnold</u>, 651 A.2d 794, 796 (D.C. 1994)).

The plain language of the definition section does not reflect that RESPA applies to Henok's loan.  The deed's RESPA definition does not say that all of RESPA's requirements and restrictions apply even if the loan is a non-covered business purpose loan for non-owner occupied rental property.  Nor does the fifteen-page deed say so in the single-spaced text of any of its twenty-four covenants.  Other than one mention of RESPA in covenant 20 requiring notice to the borrower of any change in loan servicer, Chase's Mem., Ex. 2, Deed of Trust ¶ 20, RESPA is mentioned only in covenant 3 governing funds collected for escrow items, <u>id.</u>, Ex. 2, Deed of Trust ¶ 3.  Neither that covenant nor any other provision in the deed adopts RESPA's provisions under 12 U.S.C. § 2605(e)(1)(A) for responding to a borrower's requests for amounts to cure a default.  Therefore, RESPA's requirements

-6-

were not triggered by Henok's requests for cure figures, and Chase, rather than Henok, is entitled to summary judgment on Henok's RESPA claim.

## CONCLUSION AND ORDER

Business purpose loans are exempted from RESPA's coverage and loans involving non-owner occupied rental properties are business purpose loans under RESPA's implementing regulations. It is undisputed that Henok's loan involved a non-owner occupied rental property. RESPA, then, does not apply to Henok's loan, and the deed of trust does not otherwise incorporate RESPA's notification requirements. Thus, Chase is entitled to judgment as a matter of law on Henok's RESPA claim. Accordingly, it is hereby

ORDERED that plaintiff's motion [35] for partial summary judgment be, and hereby is, DENIED. It is further

ORDERED that Chase's cross-motion [37] for partial summary judgment be, and hereby is GRANTED. Judgment is ENTERED for Chase concerning the RESPA claim.

SIGNED this 30th day of May, 2013.

/s/
RICHARD W. ROBERTS
United States District Judge