UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**ARAYA HENOK,**              )
                              )
      **Plaintiff,**     )
                              )
      v.                )   Civil Action No. 12-336 (RWR)
                              )
**CHASE HOME FINANCE, LLC,**  )
**et al.,**                   )
                              )
      **Defendants.**    )
_____)

**MEMORANDUM ORDER**

    Pro se plaintiff Araya Henok brings this action against Chase Home Finance, LLC ("Chase") and Fannie Mae,[1] challenging the legality of the foreclosure on a property he owned on 16th Street N.E. in Washington, D.C. ("the property"). Henok moves for reconsideration of the memorandum opinion and order entered May 30, 2013, which denied Henok's partial summary judgment motion and granted the defendants' partial summary judgment cross-motion on Henok's Real Estate Settlement Procedures Act ("RESPA") claim.[2] Citing the deed of trust, Henok argues again that RESPA applies to the foreclosed property.

---

    [1]Shapiro and Burson, LLP was terminated as a defendant by order dated April 17, 2013.

    [2]Henok also moves to withdraw his motion for partial summary judgment on the RESPA claim. However, Chase's cross-motion for partial summary judgment was granted and judgment was entered for Chase on the RESPA claim. Thus, Henok's motion to withdraw his motion for partial summary judgment is moot and his route to relief must be his motion for reconsideration.

Chase opposes the motion for reconsideration, arguing that Henok has presented no new facts or legal arguments to justify reconsideration.

Under Federal Rule of Civil Procedure 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  "Under Rule 54, a court may reconsider an interlocutory decision 'as justice requires.'"  U.S. ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011)).  Justice may so require where the court has "'patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred.'"  Arias v. DynCorp, 856 F. Supp. 2d 46, 51 (D.D.C. 2012) (quoting Negley v. FBI, 825 F. Supp. 2d 58, 60 (D.D.C. 2011)).  "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied."  Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (citing In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 76 (D.D.C. 2008)).  "A court may properly exercise its discretion by denying a motion

-3-

for reconsideration that 'raise[s] . . . arguments for reconsideration the court ha[s] . . . already rejected on the merits.'" McLaughlin v. Holder, 864 F. Supp. 2d 134, 141 (D.D.C. 2012) (quoting Capitol Sprinkler Inspection Inc., 630 F.3d at 227). Indeed, "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Moore v. Hartman, 332 F. Supp. 2d 252, 257 (D.D.C. 2004) (quoting Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2d Cir. 1964)).

Here, Henok does not assert that the court misunderstood the parties, made a decision beyond the issues presented, or failed to consider controlling precedent. Instead, Henok repeats the same facts and raises the same legal argument which was previously rejected on the merits. In particular, Henok asserts again that the deed of trust makes RESPA applicable to his property. See Pl.'s Mot. for Recons. at 1; Pl.'s Mot. for Partial Summ. J. at 3. Henok's attempt to relitigate the same issue in his motion for reconsideration does not satisfy Rule 54(b)'s requirements. Since Henok has not shown that reconsideration of the May 30, 2013 memorandum opinion and order is warranted by presenting any new facts or legal arguments to satisfy the "as justice requires" standard, his motion will be denied. Accordingly, it is hereby

-4-

ORDERED that Henok's motion [57] for reconsideration be, and hereby is, DENIED.

SIGNED this 29th day of July, 2013.

                                      /s/
                            RICHARD W. ROBERTS
                            Chief Judge