UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARAYA HENOK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHASE HOME FINANCE, LLC, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 12-0292 (PLF) |
| ARAYA HENOK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHASE HOME FINANCE, LLC, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 12-0336 (PLF) |

MEMORANDUM OPINION AND ORDER

    These related matters are before the Court on the motions of defendant Federal National Mortgage Association ("Fannie Mae") to terminate proceedings against it, or, in the alternative, to dismiss these actions with respect to it. See Dkt. No. 75 in Civil Action No. 12-0292; Dkt. No. 72 in Civil Action No. 12-0336. The Court issued Fox Orders on July 14, 2014, informing the *pro se* plaintiff that if he did not respond to Fannie Mae's motions by July 29, 2014, the Court may treat Fannie Mae's motions as conceded. See Dkt. No. 103 in Civil Action No. 12-0292; Dkt. No. 94 in Civil Action No. 12-0336. On July 30, the Court received

the plaintiff's responses, which are substantively identical in both actions.  See Dkt. No. 109 in Civil Action No. 12-0292; Dkt. No. 100 in Civil Action No. 12-0336 ("Pl.'s Response").

In its Fox Orders, the Court directed the plaintiff's attention to supplemental memoranda filed by Fannie Mae, which address the question whether Fannie Mae is an indispensable party to these actions under Rule 19 of the Federal Rules of Civil Procedure. See Dkt. No. 101 in Civil Action No. 12-0292; Dkt. No. 91 in Civil Action No. 12-0336 ("Supp. Memo.").  In these memoranda (identical versions of which were filed in each of the two actions), Fannie Mae contends that its presence as a party is not required in either of these cases. The plaintiff originally had joined Fannie Mae as a defendant on the theory that Fannie Mae had an interest in the two pieces of real property involved in these disputes, because Fannie Mae had purchased the properties after they were foreclosed upon by Chase Home Finance.  See Amended Complaint in Civil Action No. 12-0292, ¶ 5 [Dkt. No. 40]; Amended Complaint in Civil Action No. 12-0336, ¶ 5 [Dkt. No. 48].

The plaintiff, in his responses to Fannie Mae's motions, does not directly address the issue under Rule 19.  Rather, the plaintiff appears to contend that newly discovered evidence would merit reconsideration of the Court's prior dismissal of his claim for wrongful foreclosure against defendant Chase Home Finance.  See Pl.'s Response at 2-3.[1]  Regardless of the plaintiff's failure to discuss the question concerning Fannie Mae's status as a purportedly indispensable party to these actions, the Court recognizes that it bears an independent obligation to ensure that all indispensable parties are joined, if such joinder is feasible.  See FED. R. CIV. P. 19; Cook v.

---

[1] The plaintiff's response simultaneously purports to be both a response to the motions to terminate and a motion for default judgment against the defendants.  The motion for default judgment argues that Fannie Mae and Chase Home Finance have misled the Court as to which entity held the plaintiff's mortgage notes at the time Chase foreclosed upon his properties. The Court does not here address this aspect of the plaintiff's submission.

FDA, 733 F.3d 1, 11-12 (D.C. Cir. 2013). The Court concludes, on the basis of the information presently before it, that Fannie Mae's presence is not necessary in either of these two actions.

As Fannie Mae has pointed out, see Supp. Memo. at 3 n.2, 8, the plaintiff has averred in each of his two complaints that the properties at issue were sold by Fannie Mae to third parties subsequent to Fannie Mae's own purchase of them at the foreclosure sales. In Civil Action No. 12-0292, concerning a property located at 4560 C Street, Southeast, in the District of Columbia, the plaintiff states that "Fannie Mae [] sold my property again." Amended Complaint in Civil Action No. 12-0292, at 17. And in Civil Action No. 12-0336, concerning a property located at 2218 16th Street, Northeast, in the District of Columbia, the plaintiff makes the exact same statement. Amended Complaint in Civil Action No. 12-0336, at 17. In addition, the plaintiff seems to suggest that he knows the identity of the subsequent purchaser of the 16th Street property, as he also has named Marco Acevedo as a defendant and contends that Acevedo holds an interest in the property. See id. ¶ 5. Fannie Mae, in its supplemental memoranda, has neither confirmed nor denied its ownership of the two properties; nonetheless, it appears that the plaintiff himself believes that Fannie Mae no longer owns either of them.

Fannie Mae also argues that even if it had retained ownership of the properties, the Court still "could accord complete relief among the existing parties," FED R. CIV. P. 19(a)(1)(A), because even if the plaintiff were to prevail on his only remaining claim in each of the two cases — a claim for breach of contract brought against Chase Home Finance — he could not obtain any remedy other than money damages from Chase. See Supp. Memo. at 7-8. Although Fannie Mae does not offer citation to authority to support this argument, the legal proposition is, as a general matter, sound. See generally RESTATEMENT (SECOND) OF CONTRACTS § 345 (1981). The Court recognizes that the plaintiff appears now to contend that

3

grounds exist for reconsideration of the Court's prior dismissal of his wrongful foreclosure claims. See Pl.'s Response at 2-3. Nonetheless, at this stage of the proceedings, the plaintiff's breach of contract claims are all that remain in these cases. If at a further stage of proceedings it were to become evident that the plaintiff might have some claim that implicates the interests of the current owners of the real properties at issue in these cases, the Court would be empowered to require the joinder of any party indispensable to adjudication of that claim for relief. See FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Finally, the Court notes that Fannie Mae's dismissal from these cases does not affect the plaintiff's right to obtain discovery from Fannie Mae, which the plaintiff has been authorized to do by Magistrate Judge Kay in both cases. See Memo. Op. & Order in Civil Action No. 12-0292, at 3-4 [Dkt. No. 100]; Memo. Op. & Order in Civil Action No. 12-0336, at 3-4 [Dkt. No. 92].

For the foregoing reasons, it is hereby

ORDERED that Fannie Mae's motions to terminate proceedings or, in the alternative, to dismiss [Dkt. No. 75 in Civil Action No. 12-0292; Dkt. No. 72 in Civil Action No. 12-0336] are GRANTED; and it is

FURTHER ORDERED that Fannie Mae is dismissed as a party to the above-captioned civil actions.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: August 5, 2014                                       United States District Judge