UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ARAYA HENOK,                        )
                                    )
       Plaintiff,                   )
                                    )
    v.                              )   Civil Action No. 12-0292 (PLF)
                                    )
JPMORGAN CHASE BANK, N.A.,          )
                                    )
       Defendant.                   )
_____ )
                                    )
ARAYA HENOK,                        )
                                    )
       Plaintiff,                   )
                                    )
    v.                              )   Civil Action No. 12-0336 (PLF)
                                    )
JPMORGAN CHASE BANK, N.A., et al.,  )
                                    )
       Defendants.                  )
_____ )

MEMORANDUM OPINION AND ORDER

       Defendant JPMorgan Chase Bank, N.A. ("Chase"), successor by merger to Chase Home Finance, LLC, has filed a Notice Regarding Jurisdiction in the two above-captioned matters. See Dkt. No. 129 in Civil Action No. 12-0292; Dkt. No. 119 in Civil Action No. 12-0336. Chase has filed this Notice in response to a recent decision of the United States Court of Appeals for the District of Columbia Circuit in a case involving virtually the same parties and similar facts, in which the court of appeals directed that the case be remanded to the D.C. Superior Court for lack of federal subject matter jurisdiction. See Araya v. JPMorgan Chase Bank, N.A., No. 13-7036, 2014 WL 7373492 (D.C. Cir. Dec. 30, 2014).

2

Chase argues that complete diversity exists in these two cases, providing a basis for the Court's continued exercise of jurisdiction over them. Alternatively, Chase urges this Court to exercise supplemental jurisdiction over the state law claims that remain outstanding in these matters. The Court now seeks the views of the plaintiff, Dr. Henok Araya, as well as those of other potentially interested parties. Accordingly, it is hereby

ORDERED that if Marco Acevedo or any of the parties named in Dr. Araya's proposed amended complaints [Dkt. No. 120-1 in Civil Action No. 12-0292; Dkt. No. 111-1 in Civil Action No. 12-0336] — specifically, Shapiro, Brown & Alt LLP (formerly Shapiro & Burson, LLP); Gregory Britto; John Burson; or Fannie Mae — wishes to submit views on the question of this Court's jurisdiction in these matters, it shall do so in writing on or before February 11, 2015; and it is

FURTHER ORDERED that the plaintiff shall, on or before February 26, 2015, file a response regarding the question of this Court's jurisdiction in these matters.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 28, 2015