UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
ARAYA HENOK,                                    )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )        Civil Action No. 12-0292 (PLF)
                                                )
JPMORGAN CHASE BANK, N.A.,                      )
                                                )
            Defendant.                          )
_____        )
                                                )
ARAYA HENOK,                                    )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )        Civil Action No. 12-0336 (PLF)
                                                )
JPMORGAN CHASE BANK, N.A., et al.,              )
                                                )
            Defendants.                         )
_____        )

OPINION AND ORDER

        Currently pending before the Court in these two matters are a number of motions

filed by the *pro se* plaintiff, Dr. Henok Araya, as well as motions for summary judgment filed by

defendant JPMorgan Chase Bank, N.A. ("Chase"), successor by merger to Chase Home Finance,

LLC.  The Court does not address these motions in this Opinion and Order.  Instead, the Court

considers whether it continues to hold subject matter jurisdiction over the two cases, an issue that

has been drawn into question by the D.C. Circuit's recent decision in a third, closely related case

brought by the plaintiff against Chase and others.  In that case, the Circuit held that the district

court abused its discretion by exercising supplemental jurisdiction over the plaintiff's state law

claims and ordered that those claims be remanded to the Superior Court of the District of Columbia.  See Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409, 417-19 (D.C. Cir. 2014). For the reasons explained below, the Court concludes that it now lacks subject matter jurisdiction over these remaining two cases, and it therefore will remand them to the Superior Court of the District of Columbia.

## I.  BACKGROUND

The issue of this Court's continuing jurisdiction over these cases has been called into question by the court of appeals' recent decision in Dr. Araya's third case against Chase.  In that third case — Civil Action No. 12-0335 — Dr. Araya sued Chase in the Superior Court of the District of Columbia, alleging wrongdoing in connection with Chase's foreclosure on real property located at 2630 Myrtle Avenue, Northeast in Washington, D.C.  See Araya v. JPMorgan Chase Bank, N.A., 775 F.3d at 411-12.  Also named as defendants were the law firm of Shapiro & Burson, LLP; Dorothy Ihuoma; and Fannie Mae.  Id. at 412.  Chase and Fannie Mae removed the case to this Court on the basis of federal question jurisdiction.  Id.[1]  After removal, the district court dismissed Ms. Ihuoma — who had purchased the property after foreclosure — from the case, concluding that she was a bona fide purchaser.  Id.  The Court then issued a Memorandum Opinion and accompanying Order in which it dismissed Fannie Mae; denied Araya's motion for leave to file a second amended complaint; granted partial summary judgment to Chase; and granted judgment on the pleadings to Chase and Shapiro & Burson with respect to Araya's remaining state law claims against those defendants.  Henok v. Chase Home Finance,

---

[1]       That case, as well as the two cases presently under consideration, originally were assigned to now-Chief Judge Richard W. Roberts.  Civil Action Nos. 12-0292 and 12-0336 were transferred to the undersigned on August 29, 2013; Civil Action No. 12-0335 was transferred to the undersigned on December 19, 2013.

LLC, 922 F. Supp. 2d 110 (D.D.C. 2013); Order (Feb. 13, 2013) [Dkt. No. 48 in Civil Action No. 12-0335].

On Dr. Araya's appeal, the D.C. Circuit held that once Fannie Mae had been dismissed from the case, "the basis of federal question jurisdiction had vanished." Araya v. JPMorgan Chase Bank, N.A., 775 F.3d at 416. The court of appeals further held that it became incumbent upon the district court at that point to consider the propriety of exercising supplemental jurisdiction over the remaining state law claims. See id. at 417-18. And the Circuit concluded that the district court had abused its discretion by retaining jurisdiction over those claims, which could be characterized as implicating "novel issues of state law." Id. at 417. Accordingly, it vacated the district court's orders relating to the state law claims against Chase and Shapiro & Burson, and it returned the case to this Court with directions to remand those remaining claims to the Superior Court of the District of Columbia. Id. at 419.

Given the close similarity between Araya's three home foreclosure cases — the action already considered by the court of appeals, as well as the two presently before this Court — Chase submitted an unsolicited "Notice Regarding Jurisdiction" urging this Court to retain jurisdiction over Civil Action Nos. 12-0292 and 12-0336 on either of two bases: diversity of citizenship, or supplemental jurisdiction.[2] The Court then invited any other interested parties to offer their views regarding jurisdiction, and Shapiro & Burson answered that call with a short memorandum adopting Chase's arguments, and also maintaining that the Court's prior dismissal of it as a party to these two cases should not be "clouded" by subsequent events. See S&B and Britto's Response Regarding Jurisdiction [Dkt. No. 134 in Civil Action No. 12-0292; Dkt. No.

---

[2]     Chase's Notice Regarding Jurisdiction ("Chase Jxn. Notice") is a single document that was filed in identical form in each of the cases presently before the Court. See Dkt. No. 129 in Civil Action No. 12-0292; Dkt. No. 119 in Civil Action No. 12-0336.

123 in Civil Action No. 12-0336] at 1, 4.  In the meantime, a variety of motions in the two cases

were filed, including motions for default and to amend the complaint filed by Dr. Araya; a

motion for summary judgment filed by Araya in Civil Action No. 12-0292; as well as motions

for summary judgment filed by Chase in each case.  Before it can address any of these motions,

however, the Court must determine whether it has jurisdiction to do so.

## II.  THE COURT MAY NOT EXERCISE DIVERSITY JURISDICTION

"The objection that a federal court lacks subject-matter jurisdiction may be raised

by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the

entry of judgment."  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citation omitted).

"Moreover, [federal courts] have an independent obligation to determine whether subject-matter

jurisdiction exists . . . ."  Id. at 514.  Chase maintains that notwithstanding the Circuit's decision

in Civil Action No. 12-0335, this Court may properly exercise jurisdiction over these two actions

because there now exists complete diversity between the parties and the amount in controversy

exceeds $75,000.  See Chase Jxn. Notice at 1, 6-9.[3]

To begin with, the predicate for federal jurisdiction in these two cases always has

been the same as that which grounded the Court's jurisdiction in Civil Action No. 12-0335 —

namely, the presence of Fannie Mae as a defendant.  The notices of removal in each of the three

---

[3]     One possibly non-diverse defendant yet remains in Civil Action No. 12-0336: Marco Acevedo, whom Dr. Araya originally joined as a potentially interested party, given that Acevedo supposedly had purchased the property after foreclosure.  See Complaint ¶ 5 [Dkt. No. 1, Ex. A].  But as Chase points out, Mr. Acevedo never has been served nor has he ever entered an appearance before this Court.  Moreover, his citizenship remains unknown; the fact that he may have purchased property in the District of Columbia does not mean that he lives in the District.  Given the dearth of information regarding who Mr. Acevedo is, of which state he is a citizen, and whether he may have any interest at all in the case, the Court does not consider his presence with respect to the question of diversity.

cases cited Fannie Mae's presence as a jurisdictional basis by invoking 12 U.S.C. § 1723a(a), which, under controlling precedent, "provides federal subject-matter jurisdiction in Fannie Mae cases." Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779, 785 (D.C. Cir. 2008).[4]   Thus, it was Fannie Mae's dismissal from the case in Civil Action No. 12-0335 that, in the court of appeals' view, caused the basis for federal jurisdiction to "vanish[]." See Araya v. JPMorgan Chase Bank, N.A., 775 F.3d at 416.  Likewise in the two actions now before this Court, Fannie Mae has been dismissed and federal jurisdiction therefore can no longer rest on its presence as a party.  See Henok v. Chase Home Finance, LLC, Civil Action Nos. 12-0292 and 12-0336, 2014 WL 3843222 (D.D.C. Aug. 5, 2014) (dismissing Fannie Mae from both cases).  Nor are there any federal claims left in the cases.  Although the Court in January 2013 granted Araya leave to add a claim under the Real Estate Settlement Procedures Act to each of his complaints, the Court subsequently granted judgment to Chase on those claims.  Henok v. Chase Home Finance, LLC, 950 F. Supp. 2d 96 (D.D.C. 2013) (Civil Action No. 12-0292); Henok v. Chase Home Finance, LLC, 947 F. Supp. 2d 6 (D.D.C. 2013) (Civil Action No. 12-0336).

Chase argues that despite the dismissal of Fannie Mae from the cases, the Court's continuing jurisdiction may rest on the existence of complete diversity between the parties.  But Chase did not invoke diversity as a jurisdictional ground in either of its notices of removal.  It is not clear whether Chase failed to do so because it did not believe that complete diversity existed

---

[4]    The notices of removal also invoked the general federal question statute, 28 U.S.C. § 1331, based on Araya's inclusion of a Fifth Amendment takings claim in each of his complaints.  But as the D.C. Circuit already has held, such claims were "insufficient to sustain jurisdiction" because "[i]t is beyond dispute that the Fifth Amendment 'appl[ies] to and restrict[s] only the Federal Government and not private persons.'" Araya v. JPMorgan Chase Bank, N.A., 775 F.3d at 414 (quoting Public Utilities Comm'n of Dist. of Columbia v. Pollak, 343 U.S. 451, 461 (1952)) (some alterations in original).

at that time, or instead because it overlooked the possibility that diversity arguably might be present.  In either event, however, the Court's diversity jurisdiction was not invoked then, and, for the reasons explained below, the Court concludes that it cannot be invoked now.

"The usual rule is that removability is determined from the record before the court at the time the notice of removal . . . is filed in federal court."  14B CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. JURIS. § 3723, at 690 (4th ed. 2009).  In addition, "[a] large minority of courts require complete diversity not only when removal is sought, but also when the original action is filed in the state court."  13E CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FED. PRAC. & PROC. JURIS. § 3608, at 357-58 (3d ed. 2009).[5]  At the time of removal in these two cases, Chase did not assert that complete diversity existed between the parties.  Nor does it do so now.  Rather, Chase contends only that "here, where diversity *currently* exists, the cases should not be remanded simply because they were removed on other grounds."  Chase Jxn. Notice at 6 (emphasis added).  To support this argument, Chase cites the Supreme Court's decision in Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996), where the Court stated that "an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject-matter jurisdiction are met at the time the judgment is entered."  Id. at 73.

---

[5]        Likely for these very reasons, when the Circuit ordered the parties to file supplemental letter briefs "addressing the citizenship of the parties to [Civil Action No. 12-335]," the court referred only to the parties' citizenship "at the time the complaint was filed and at the time of removal."  Order, Araya v. JPMorgan Chase Bank, N.A., No. 13-7036 (D.C. Cir. Sept. 10, 2014) (per curiam).  Congress also has provided, however, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); see 14B WRIGHT ET AL. § 3723, at 701-19 (explaining application of Section 1446(b)(3) in context where non-diverse party is eliminated while case is in state court, rendering case removable by remaining defendants).

Caterpillar involved an application of a long-recognized "exception to the time-of-filing rule" that applies in diversity cases; that exception allows a "jurisdictional defect [to be] cured by the dismissal of the party that had destroyed diversity."  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572 (2004); see also 13E WRIGHT, MILLER & COOPER § 3608, at 353, 357 (noting that the Supreme Court in Grupo Dataflux "dramatically reiterated its commitment to the time-of-filing rule," and explaining that the Court there "declined to extend Caterpillar" to different circumstances).  This Court is aware of no authority in which the exception applied in Caterpillar has been understood to allow a case initiated or removed on federal question grounds to remain in federal court on diversity grounds after the basis for federal question jurisdiction disappears but diversity emerges.  Indeed, to so hold would be inconsistent with the D.C. Circuit's decision in Araya's third case, where diversity plainly existed after Dorothy Ihuoma and Fannie Mae had been dismissed, yet where, as Chase acknowledges, the court of appeals declined even to address whether diversity could support the Court's continued exercise of jurisdiction over the case.  See Chase Jxn. Notice at 5 (the court of appeals "did not analyze whether diversity jurisdiction existed" in Civil Action No. 12-0335).

The Ninth Circuit has allowed removed cases to switch jurisdictional bases from federal question to diversity after all federal claims have been eliminated, even where diversity was not invoked in the defendant's notice of removal, so long as diversity of citizenship could be discerned from the face of the complaint.  See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976-77 (9th Cir. 2006) (per curiam); see also Gavin v. AT&T Corp., 464 F.3d 634, 640-41 (7th Cir. 2006) (suggesting that diversity jurisdiction, though not invoked in notice of removal, might later be invoked on appeal, at least where complaint alleged essential facts demonstrating diversity).  "The Ninth Circuit's approach," however, "has been criticized as contrary to well-

7

settled practice," <u>Wood v. Crane Co.</u>, 764 F.3d 316, 326 (4th Cir. 2014) (citing Jeannette Cox,

*Removed Cases and Uninvoked Jurisdictional Grounds*, 86 N.C. L. REV. 937, 953-57 (2008)),

including the practice of the D.C. Circuit, where "[d]iversity jurisdiction must be pleaded by the

party claiming it." <u>Loughlin v. United States</u>, 393 F.3d 155, 172 (D.C. Cir. 2004).

   Under this "traditional approach to uninvoked jurisdictional grounds . . . the mere

fact that a case falls within a congressional grant of federal subject matter jurisdiction does not

give a federal court authority to hear a case; a party must also affirmatively *invoke* the applicable

ground or grounds of congressionally authorized jurisdiction." Cox, 86 N.C. L. REV. at 941-42.

And in the removal context specifically, "[d]efendants clearly may not remove on grounds not

even obliquely referred to in the Notice of Removal." <u>Id</u>. at 945 (quoting <u>Hinojosa v. Perez</u>,

214 F. Supp. 2d 703, 707 (S.D. Tex. 2002)).  Likewise, "[i]n most circumstances . . . defendants

may not [through amendment of the notice of removal] add completely new grounds for removal

. . . and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is

present but that defendants have not relied upon." 14C CHARLES ALAN WRIGHT ET AL., FED.

PRAC. & PROC. JURIS. § 3733, at 651-59 (4th ed. 2009); <u>see</u>, <u>e.g.</u>, <u>Ervast v. Flexible Products Co.</u>,

346 F.3d 1007, 1012 n.4 (11th Cir. 2003) (declining to exercise diversity jurisdiction because

removing party "had the burden to plead this basis in its notice of removal, and it did not");

<u>J.S.R. ex rel. Rojas Polanco v. Washington Hospital Center</u>, 667 F. Supp. 2d 83, 85 (D.D.C.

2009) (even if non-federal defendants *might* have removed case on diversity grounds, they did

not). <u>But</u> <u>see</u> 14C WRIGHT ET AL. § 3733, at 664-65 (seeming to endorse the Ninth Circuit's

approach in <u>Williams v. Costco Wholesale Corp.</u>).

   Even under the Ninth Circuit's approach, however, a federal court can maintain

jurisdiction over a case only on "grounds apparent from the complaint." <u>Williams v. Costco</u>

Wholesale Corp., 471 F.3d at 977.  As already noted, Chase has not argued that diversity

jurisdiction is apparent from either of Dr. Araya's two complaints.  Nor is the existence of

complete diversity plainly evident to the Court from those pleadings.  This is because Fannie

Mae's presence as a party would appear to have destroyed diversity, as federally chartered

corporations generally are considered to be "stateless" for purposes of diversity jurisdiction.

See, e.g., Hukic v. Aurora Loan Servs., 588 F.3d 420, 427-28 (7th Cir. 2009); Lehman Brothers

Bank, FSB v. Frank T. Yoder Mortgage, 415 F. Supp. 2d 636, 639-40 (E.D. Va. 2006); Rice v.

Disabled American Veterans, 295 F. Supp. 131, 133-34 (D.D.C. 1968).  And "[a]s a matter of

history, parties without any state citizenship, such as States, Indian tribes, or Americans

domiciled abroad, have been treated as 'jurisdictional spoilers' whose mere presence in an action

destroys complete diversity."  In re Fresenius Granuflo/NaturaLyte Dialysate Products Liability

Litig., MDL No. 13-02428-DPW, 2015 WL 44528, at *3 (D. Mass. Jan. 2, 2015).[6]

        Of course, whether Fannie Mae's presence in the case should have counted at all

in determining diversity is questionable, given that it was joined only as a party with a potential

interest in the subject matter of the case rather than as an alleged tortfeasor.  See Knop v.

Mackall, 645 F.3d 381, 383 (D.C. Cir. 2011) (recognizing Supreme Court precedent suggesting

that "the presence of a nominal party does not defeat federal jurisdiction based on diversity")

(citing, inter alia, Lincoln Property Co. v. Roche, 546 U.S. 81, 92-93 (2005)).  But Chase did not

argue at the time of removal that Fannie Mae's presence was merely nominal, nor does it do so

---

[6]      Congress may specifically provide, however, that a particular federally chartered
corporation possesses state citizenship for purposes of diversity jurisdiction, and one judge has
concluded that Congress has provided as much for Fannie Mae.  See Lightfoot v. Cendant
Mortgage Corp., 769 F.3d 681, 697-99 (9th Cir. 2014) (Stein, J., dissenting) (finding that 1974
legislation conferred District of Columbia citizenship on Fannie Mae).  Even if Judge Stein is
correct, however, in this case Fannie Mae's District of Columbia citizenship also would have
destroyed diversity at the time of removal, given that the plaintiff is a citizen of the District.

now.  Indeed, that argument would have stood in some tension with the fact that Fannie Mae's presence as a party served as the sole valid ground for the defendants' invocation of federal question jurisdiction.

In any event, there is no need to resolve whether diversity jurisdiction properly could have been invoked at the time of removal.  The bottom line is that Chase made no such argument then and it advances no such argument now.  In this Circuit, "[j]urisdictional pleading must not be reduced to a mere afterthought years after the commencement of the action.  The court cannot act without jurisdiction and it is the complaining party's burden to plead it." Loughlin v. United States, 393 F.3d at 172; see also Walter E. Campbell Co., Inc. v. Hartford Financial Servs. Group, Inc., 48 F. Supp. 3d 53, 55 (D.D.C. 2014) ("The removing party bears the burden of showing that the federal court has subject matter jurisdiction over the action."). Because Chase did not invoke diversity as a ground for removal, and as even now Chase does not contend that complete diversity existed at the time these cases were removed, the Court concludes that Chase has not carried its burden with respect to that jurisdictional basis.  As a consequence, the Court may not maintain jurisdiction over these cases on the basis of diversity of citizenship.

## III.  THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION

The supplemental jurisdiction statute provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  "In the usual case in which

all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Shekoyan v. Sibley International, 409 F.3d 414, 424 (D.C. Cir. 2005) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

   In each of the two cases presently before this Court, a sole state law breach of contract claim remains.  Chase urges the Court to exercise supplemental jurisdiction over these claims and to render decisions on Chase's pending motions for summary judgment, arguing that "[a]fter years of litigation, multiple complaint amendments, and completion of discovery, it would be a waste of judicial resources to remand the cases now."  Chase Jxn. Notice at 10.  The Court disagrees.  First of all, the cases will be remanded to the Superior Court of the District of Columbia in their present state; none of the litigation up until this point — including the effort of discovery, which also entailed a significant expenditure of time and energy on the part of Magistrate Judge Kay — will have been for naught.  Rather, litigation of the remaining claim and the resolution of any motions for summary judgment will occur in the judicial forum where the cases more appropriately belong.

   In addition, and as the Court already has recounted, the D.C. Circuit recently ordered the remand of Dr. Araya's third home foreclosure case — which involves very similar claims, including breach of contract claims based on Chase's allegedly faulty provision of notice to Araya — to the Superior Court.  There is good sense, therefore, in the three cases' being litigated in a single forum.  Moreover, Dr. Araya recently has moved to amend his complaints in Civil Action Nos. 12-0292 and 12-0336 to add new state law claims for wrongful foreclosure, based on Araya's contention that discovery has revealed evidence showing that Chase did not hold his mortgage notes at the time of foreclosure.  See Pl.'s Motion to Amend Complaint [Dkt.

No. 120 in Civil Action No. 12-0292; Dkt. No. 111 in Civil Action No. 12-0336].  The evidence

highlighted by Dr. Araya consists of documents produced by Chase, which, Araya claims, show

that Fannie Mae was a 100% "investor" in Araya's mortgage notes, whereas Chase merely was

the servicer of those loans.  See Pl.'s Motion for Summary Judgment, Exs. 1-2 [Dkt. No. 132 in

Civil Action No. 12-0292].

      Chase responds that Fannie Mae's status as the investor in Araya's mortgage

notes is immaterial to the question whether Chase had legal standing to foreclose on the

properties.  See Chase Opp. to Pl.'s Motion for Summary Judgment [Dkt. No. 133 in Civil

Action No. 12-0292] at 3-5.  And Chase cites cases stating the proposition that "whether or not

defendants are holders of the note is not dispositive as to whether they have standing to foreclose

on the property."  Id. at 6 (quoting Duffy v. Bank of America, N.A., 13 F. Supp. 3d 57, 61

(D.D.C. 2014)); see also Carter v. Bank of America, N.A., 888 F. Supp. 2d 1, 14 (D.D.C. 2012);

Diaby v. Bierman, 795 F. Supp. 2d 108, 112-13 (D.D.C. 2011).  But the Court has identified

potentially contrary authority from the District's highest tribunal.  See Logan v. LaSalle Bank

National Ass'n, 80 A.3d 1014, 1025 (D.C. 2013) ("LaSalle's status as holder of the note is

certainly relevant to appellees' authority to institute non-judicial foreclosure proceedings.").

Whether or not Dr. Araya's newly alleged wrongful foreclosure claims are futile or meritorious

thus presents a seemingly uncertain question of District of Columbia law that would be better

suited to resolution by the Superior Court of the District of Columbia.  See Araya v. JPMorgan

Chase Bank, N.A., 775 F.3d at 417-18 (novel or unsettled questions of District of Columbia law

are best left to D.C. courts).

IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that because the Court lacks subject matter jurisdiction over Civil Action Nos. 12-0292 and 12-0336, these two matters are REMANDED to the Superior Court of the District of Columbia; and it is

FURTHER ORDERED that the Clerk of the Court shall (1) transfer all papers in these proceedings, together with a certified copy of this Order, to the Superior Court of the District of Columbia, and (2) remove these cases from the docket of this Court.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE:  May 6, 2015                                    United States District Judge